**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　　　**Plaintiff,**<br>　　v.<br>**MICHAEL BALICE,**<br>　　　　**Defendant.** | Civ. No. 14-3937 (KM)(JBC)<br><br>**OPINION & ORDER** |

The United States has filed this action to reduce to judgment defendant Michael Balice's tax liability for several years, and to foreclose on a property at 70 Maple Avenue in Metuchen, New Jersey. Another party named as a defendant is Amboy Bank, which holds a lien arising from a home equity line of credit (HELOC). Now before the court are two motions for summary judgment:

(1) Motion (ECF no. 119) of the United States against Amboy Bank, seeking summary judgment that the priority of Amboy Bank's lien is limited to the amount of "$5,087.07, minus any repayment of pre-cutoff principal made between July 9, 2015 and the date that any foreclosure proceeds are distributed in this case." (US Brf. at 6)

(2) "Defendant Michael Balice's Motion for Summary Judgment on Tax-Years 1992, 1993, 1996, 2001, for Lack of *subject-matter jurisdiction* of the Court Under IRC § 6502 by a Tolling of the Ten Year Statute of Limitations on Tax Collections." (ECF no. 133) Certain contentions in supplemental filings (ECF nos. 135, 140) are considered as part of the summary judgment motion.

I have written several opinions in this case. (*See* ECF nos. 71, 102, 152) Because I here write for the parties, familiarity with the background is assumed. For the reasons stated herein, the motion of the United States is administratively terminated, and those of defendant Balice are denied.

1

### A. Motion of United States for summary judgment against Amboy Bank

In a prior opinion on a summary judgment motion filed by Amboy Bank, I held as a matter of law that Amboy's lien has priority over the tax lien of the United States only to the extent of the outstanding balance on the home equity line of credit as of July 12, 2005, plus any additional sums advanced thereafter, but before August 27, 2005. At the time, the amount of the priority lien could not be determined. Now, the United States has moved for summary judgment (ECF no. 119), stating that discovery has now furnished the basis for calculation of the amount of the priority lien, which is said to be "$5,087.07, minus any repayment of pre-cutoff principal made between July 9, 2015 and the date that any foreclosure proceeds are distributed in this case." (US Brf., ECF no. 119-1 at 6)

Amboy Bank does not dispute the material facts set forth in the motion of the United States. Rather, Amboy contends that the United States has failed to establish certain other prerequisites for entry of judgment: "(a) that its Notice of Tax Liens... have legally attached to the subject property; (b) ... that its method of calculating the amount due to Amboy is correct; and (c) ... that all of the Notices [of Tax Liens] relate back to the earliest filed Notice on July 12, 2005 ...." (Amboy Brf., ECF no. 123 at 5) Also at issue, says Amboy, is the validity of Balice's transfer of the property to a Trust that is said to be a nominee. Because the Court has not yet ruled on these issues, Amboy contends, "summary judgment is inappropriate." (*Id.*)

In reply, the United States stresses that its motion was confined to a single issue. (ECF no. 127) Essentially, it concedes Amboy's point that other issues remain to be decided, and that "[a]fter the discovery period is complete, the United States intends to move for summary judgment against the taxpayer in this action and to show that the transfer at issue was fraudulent and/or made to a nominee. If at that time the United States is unable to prove that its liens attach to the subject property, it will be unable to foreclose and Amboy's interest will be unaffected by this suit." (US Reply, ECF no. 127 at 1–2)

2

Accordingly, "the United States does not oppose a stay of the present motion until after the Court resolves the issue of attachment." (*Id.* at 2 n.1)[1]

The United States perhaps sowed the seeds of this misunderstanding by stating in the introductory paragraph of its brief that "[t]he sole dispute between the United States and Amboy is the amount of Amboy's lien that takes priority over the federal tax liens held by the United States." (US Brf., ECF no 119-1 at 3) Although perhaps literally true, the statement carried the implication that the United States sought immediate entry of judgment against Amboy Bank, and Amboy responded accordingly.

The motion of the United States (ECF no. 119) is premature. It will be administratively terminated, subject to renewal at the close of discovery. The parties are cautioned that piecemeal motions seeking resolution of individual sub-issues are ordinarily not helpful. Any further summary judgment motions will be filed only with prior leave of the Magistrate Judge, on a schedule set by the Magistrate Judge. Such leave may be sought informally by letter or telephone conference.

### B.    Motion of Balice for summary judgment as to tax years 1992, 1993, 1996, and 2001

I next consider Mr. Balice's motion for summary judgment against the United States, in which he argues that the statute of limitations has run on tax years 1992, 1993, 1996, 2001. (ECF no. 133)

It is important to understand that the United States is seeking distinct forms of relief. For tax periods 1998 and 2005, the government seeks to reduce the tax assessments to judgment. The United States does not, however, seek entry of judgment based on the Balices' tax debts for 1992, 1993, 1996, and 2001. For those tax years, the government had already obtained final judgments against Balice before filing this action.

---

[1]    Mr. Balice has filed on "Objection to Reply of the United States." (ECF no. 136) In it, he states that $250,000 in tax payments have not been taken into account. Given my administrative termination of the motion, these contentions need not be considered now.

3

Based on all of the tax years—*i.e.,* those that are the subject of the prior judgment, as well as those as to which judgment is sought in this action—the United States seeks to foreclose on the property at 70 Maple Avenue in Metuchen, New Jersey. Tax years 1992, 1993, 1996, and 2001 are included only as part of the basis of the foreclosure count. And liability for those four tax years is *res judicata.* (*See* Opinion, ECF no. 152 at 3–4)

The statute of limitations argument is therefore rejected, and summary judgment on that basis as to tax years 1992, 1993, 1996, and 2001 is denied.

### C.  Miscellaneous Contentions as to Tax Year 1998

Mr. Balice has made additional filings. (ECF nos. 135, 140) Because the United States responds to them as motions for summary judgment, and I will treat them as such.

Both of these filings relate to tax year 1998. Mr. Balice contends that tax withholding in the amount of $10,162 satisfied the tax deficiency that he reported on his return. That is true as far as it goes; the government admits it, and acknowledges that it has been credited.

Count 1, however, is not limited to that particular assessment; it seeks all amounts owing for tax year 1998. The IRS determined that the tax return had understated Mr. Balice's income, and assessed additional tax to cover the deficiency. Count 1 alleges that those *additional* amounts, not the $10,162 deficiency, are owed for tax year 1998. Mr. Balice's motion therefore is not to the point, because it does not address those additional amounts. Summary judgment is denied.

Mr. Balice also argues that the second assessment of his 1998 income taxes, which occurred in 2010, violated the three-year statute of limitations set forth in 26 U.S.C. § 6501. I have already disposed of this

contention in my opinion denying one of Mr. Balice's motions to dismiss. (ECF no. 152 at 3–4)[2]

For the reasons stated there—essentially, *res judicata* and the statutory tolling of the period because Balice had understated his income by more than 25%, see 26 U.S.C. § 6501(e)(1)—summary judgment on this basis is denied.

## ORDER

IT IS THEREFORE, this 11th day of October, 2016

ORDERED, as follows:

1. The motion of the United States (ECF no. 119) for summary judgment is ADMINISTRATIVELY TERMINATED, subject to renewal at the proper time.

2. The motions (ECF Nos. 133, 135, 140) of defendant Michael Balice for summary judgment are DENIED.

3. No further motions for summary judgment shall be brought without prior leave of the Magistrate Judge assigned to the case, on a schedule to be set by the Magistrate Judge. Such leave may be sought informally by letter or telephone conference. Further motions for summary judgment brought without leave will be denied summarily, for that reason alone.

Kevin McNulty
United States District Judge

---

[2] That Memorandum opinion and order (ECF no. 152), dated July 20, 2016, had not been filed when this summary judgment motion was filed.