**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br>v.<br>MICHAEL BALICE,<br>            Defendant. | Civ. No. 14-3937 (KM)(JBC)<br><br>MEMORANDUM OPINION &<br>ORDER |

The United States has filed this action to reduce to judgment defendant Michael Balice's tax liability for several years, and to foreclose on a property at 70 Maple Avenue in Metuchen, New Jersey. Now pending before the Court are two motions:

    a. ECF No. 183 (Defendant's Motion to Dismiss/Summary Judgment)

    b. ECF No. 192 (Defendant's Motion to Rescind Prior Decision)[1]

Because I write for the parties, familiarity with prior decisions in this matter is assumed.

### A.   Motion to Dismiss/Summary Judgment (ECF no. 183)

This is Mr. Balice's most recent motion to dismiss—his eleventh, depending on the method of counting. He seeks dismissal, or in the alternative summary judgment, on the claims relating to tax year 1998. The motion asserts primarily that the Court, in its prior decisions denying his motions,

---

[1] This motion (ECF no. 192) was originally referred to the Magistrate Judge for decision. (*See* Procedural Order, ECF no. 201.) On further review, I have determined that it addresses a prior district judge decision, and is therefore more properly decided by me.

    Two other motions—the government's motion for summary judgment (ECF no. 187) and Mr. Balice's related Motion to Strike and Objection (ECF no. 191) will be discussed in a separate opinion.

1

made a fatal error in calculation of the statute of limitations. The essence of the alleged error is that the Court "erroneously declare[d] that February 22, 2010, is within six years of December 20, 1999," whereas actually "[t]here are 10 years and 2 months separating the two dates." (ECF no. 183 ¶¶ 5, 6) If true, that contention would establish an error of arithmetic, as well as law; but it is not true. That was not the basis of my earlier decision(s) disposing of the identical issue. (See ECF no. 152; ECF no. 167 at 4–5.) Mr. Balice's presentation mixes up several concepts, including tolling, and erroneously concludes that the court must have been erroneously referring to a nonexistent 2005 tax obligation, not a 1998 one.

For the sake of clarity, I will place my earlier reasoning in the format of a chronology:

| | |
|---|---|
| 12/20/1999 | Mr. Balice's 1998 tax return filed, and the statute of limitations begins to run. Because the return understates his income by more than 25%, the statute is not three but six years (= 2190 days). See 26 U.S.C. § 6501(e)(1). |
| 6/21/2004 | IRS mails notice of deficiency. 1645 days of the statutory period have run. The statute is tolled until 60 days after final Tax Court decision. 26 U.S.C. § 6503(a)(1). |
| 12/10/2009 | Tax Court decision (ECF no. 104-1) becomes final, 90 days after it is rendered. 26 U.S.C. § 7481. |
| 2/8/2010 | Tolling period ends, and statute begins running again, 60 days after Tax Court decision becomes final. |
| 2/22/2010 | IRS assesses 1998 taxes based on Tax Court decision. Approximately 1660 days of the 2190-day limitations period have run; 530 days remain. |

In addition, this motion, filed on December 19, 2016, is in substance an untimely motion for reconsideration of the Court's July 20, 2016 decision (ECF no. 152). See D.N.J. Loc. Civ. R. 7(i) (motion for reconsideration to be filed within 14 days of challenged order). Considered as such, it is also substantively defective; it simply expresses disagreement with the Court's reasoning, without introducing any argument that was not or could not have been asserted earlier. See generally North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194,

1218 (3d Cir. 1995); *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997).

Finally, this motion appears to have been filed in violation of my earlier order that further motions for dismissal or summary judgment would require leave of the Magistrate Judge. (ECF nos. 152 at 4–5, ECF no. 167 at 5) In the alternative, it could be denied on that basis alone.

In short, the motion (ECF no. 183) is denied.

**B.     Defendant's Motion to Rescind Prior Decision (ECF No. 192)**

Mr. Balice moves to rescind or reopen a prior order of the court (ECF no. 152) granting the plaintiff's motion to strike or dismiss his $100 million Cross Complaint. (ECF no. 81, referred to as the "Cross Complaint" or the "Counterclaim")

On October 19, 2015, Mr. Balice filed a "Cross-Complaint for Damages in the Amount of $100,000,000 for Multiple Violations of Constitutional Rights, FORGERY, and FRAUD." (ECF no. 81) It named as defendants the United States and M. MacGillivray, a revenue officer.

The United States and McGillivray filed a motion to strike or in the alternative to dismiss the Crossclaim. (ECF no. 92)

On January 5, 2016, Mr. Balice filed a seven-page "Objection to *ex-parte* Actions." (ECF no. 97) This was in substance a response to the motion of the United States (ECF no. 92). Mr. Balice alleged that he had not been properly served with that motion, which therefore was a prohibited ex parte communication.

On January 13, 2016, Mr. Balice filed a more formal 27-page "Objection to Plaintiff's Motion to Strike or Dismiss Defendant's Cross-Complaint" (ECF no. 101). This submission repeated the allegations regarding ex parte communications. It also repeated certain contentions, already dealt with by prior opinions, regarding the unconstitutionality of the income tax, the court's lack of subject matter jurisdiction, and the like.

On March 2, 2016, Mr. Balice moved for a default judgment on his Cross-Complaint (ECF no. 109). On March 29, 2016, he filed an "Objection for

3

Failure to Serve Pleadings" (ECF no. 120), also directed at obtaining a default judgment on his Cross-Complaint. On May 23, 2016, Magistrate Judge Clark filed an opinion and order denying those motions (ECF no. 138).[2] No appeal was taken.

On July 20, 2016, I filed a Memorandum and Order (ECF no. 152) which, *inter alia*, granted the motion of the United States (ECF no. 92) to strike or dismiss the Cross-Complaint. My decision noted that much of Mr. Balice's Cross-Complaint was based on arguments about the unconstitutionality of the income tax, rejected in two prior opinions (ECF nos. 71, 75), as to which the United States Court of Appeals had denied a writ of mandamus, stating that these "tax protestor" arguments were oft-rejected and "frivolous." (ECF no. 152 at 1–2) I next noted the government's motion to strike on grounds that leave of the Court would have been required; I set aside that aspect, however, and considered the merits of the Rule 12(b)(6) motion to dismiss for failure to state a claim. I then found that that no valid legal claim was stated, citing appropriate authority. (ECF no. 152 at 2–3)

On February 14, 2017, Mr. Balice filed the current motion to set that decision aside. The government, with good reason, notes that Mr. Balice's motion does not establish, by affidavit or otherwise, recognized grounds for reconsideration or relief from my prior order. *See* Fed. R. Civ. P. 60(b), Loc. Civ. R. 7(i). I nevertheless consider the merits briefly.

Mr. Balice's motion simply repeats his earlier contention that the United States failed to serve its motion (ECF no. 92) to strike or dismiss the Cross Complaint. Those contentions are rejected. The motion itself is accompanied by proof of service at Mr. Balice's address of record. (*Id.* at 3) In addition, there cannot possibly be any prejudice. As noted above, Mr. Balice filed multiple submissions in opposition to the government's motion.

---

[2] Judge Clark noted that the motion of the United States (ECF no. 92) in response to the Cross-Complaint was accompanied by proof of service at the address supplied to the Court by Mr. Balice, and also that Mr. Balice had filed an opposition to that motion. (ECF no. 138 at 3–4)

4

Now, Mr. Balice adds that he never, until recently, received notice of the order of the court (ECF no. 152) granting the government's motion. That is unfair and inequitable, he says, and it requires that the order be rescinded. I reject that contention. That Order, like all of my orders in this case, was duly filed on the electronic docket. Mr. Balice has given a mailing address of record, but also an email address, at which he receives electronic notification of filings. (*See* Docket, p. 1) He has filed a pro se "Consent & Registration Form to Receive Documents Electronically." (ECF no. 131)

Other orders and filings in the case have apparently been received, and Mr. Balice has amply availed himself of the opportunity to respond to them. At any rate, failure to receive the order in a timely fashion would—at best—excuse Mr. Balice's lateness in moving to overturn it, a procedural flaw that I have chosen to overlook. The underlying problem is that Mr. Balice's motion states no substantial basis to overturn the order. The motion (ECF no. 192) is therefore denied.

**ORDER**

IT IS THEREFORE, this 5th day of July, 2017

ORDERED, as follows:

a. ECF No. 183 (Defendant's Motion to Dismiss/Summary Judgment) is DENIED.
b. ECF No. 192 (Defendant's Motion to Rescind Prior Decision) is DENIED.

Kevin McNulty
United States District Judge