UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL BALICE,<br>Defendant. | Civ. No. 14-3937 (KM)(JBC)<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is the motion (ECF no. 212) of the plaintiff, Michael Balice, for reconsideration of the Court's Opinion (ECF no. 210) and Order (ECF no. 211) granting the Motion of the United States for Summary Judgment as to Counts I, III, V, and VI, without reaching Count IV, and denying Mr. Balice's Motion to Strike. The United States has submitted a brief in opposition (ECF no. 213), and Mr. Balice has submitted an objection and reply (ECF nos. 214, 215). This motion for reconsideration is thus fully briefed and ripe for decision.

Local Rule 7.1(i) governs motions for reconsideration. Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, generally only in one of three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*,

1

99 F.R.D. 99, 101 (E.D. Va. 1983)). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

This motion meets none of those requirements. It simply rehashes grounds repeatedly raised and rejected in this action. Essentially, Mr. Balice again claims that the Court lacks subject matter jurisdiction over this entire action, based on the plaintiff's interpretation—rejection, really—of the Sixteenth Amendment to the U.S. Constitution and his contention that the income tax is unconstitutional. Examples of my prior discussion and rejection of this argument may be found, for example, on the docket of this action at ECF no. 71 (Opinion at 19–20). In response, Balice sought a writ of mandamus from the United States Court of Appeals for the Third Circuit. The Court of Appeals held, *inter alia,* that Mr. Balice had failed to show that the district court's lack of jurisdiction was so clear and indisputable as to justify mandamus relief; "To the contrary, as we explained recently in dismissing a previous appeal brought by Balice, he presents 'the type of tax-protester arguments that ... have long been rejected as frivolous.'" *In re Balice*, C.A. No. 16-1242, 644 F. App'x 112, 113 (3d Cir. March 11, 2016) (quoting *Balice v. Comm'r*, C.A. No. 15-2366, 634 Fed.Appx. 349, 350, 2016 WL 456634, at *2 (3d Cir. Feb. 5, 2016)).

There is no argument in this motion for reconsideration that was not or could not have been asserted previously. No new evidence is proffered. And there is no indication of even a minimally meritorious contention, let alone a showing of clear error or manifest injustice.

Mr. Balice additionally objects (ECF no. 214) to the Court's failure to hold a hearing in open court on his jurisdictional contentions. No hearing is

2

necessary, because these contentions are facially inadequate as a matter of law. I have disposed of the motions without an oral hearing because Mr. Balice's papers present no legal issues as to which oral argument would be helpful. *See generally* Fed. R. Civ. P. 78; D.N.J. Local Civ. R. 78.1.

## ORDER

Accordingly, IT IS this 30th day of August, 2017

ORDERED that the plaintiff's motion and objection (ECF nos. 212, 214) are DENIED.

**Kevin McNulty**
**United States District Judge**