UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL BALICE,<br>Defendant. | Civ. No. 14-3937 (KM)(JBC)<br><br>MEMORANDUM OPINION<br>AND ORDER |

At last count, Mr. Balice had filed some dozen motions to dismiss, as well as other potentially dispositive motions under various titles. The Court has, in several prior opinions, considered his "tax protestor" arguments, as well as others, and rejected them. (*See, e.g.,* Opinions, ECF nos. 71, 102, 152, 167, 208, 210, 216)[1] I have also required that he seek leave of the Magistrate Judge before filing further such motions. (*See, e.g.,* Orders, ECF nos. 102, 152)

Nevertheless, now before the Court are several more motions by Mr. Balice. (ECF nos. 219, 223, 224, 225) Filed without leave, they might be rejected on that ground alone. In the interest of efficiency, however, I briefly consider them, without in every case requiring a response from the government.

### A. 2nd Motion to Alter or Amend (ECF no. 219)

On August 9, 2017, the Court entered an Opinion (ECF no. 210) and Order (ECF no. 211) granting the Motion of the United States for Summary Judgment as to Counts I, III, V, and VI, without reaching Count IV, and

---

[1] I apply the label "tax protestor" advisedly. In response to one of the cited rulings, Mr. Balice sought a writ of mandamus from the United States Court of Appeals for the Third Circuit. The Court of Appeals held, *inter alia,* that Mr. Balice had failed to show that the district court's lack of jurisdiction was so clear and indisputable as to justify mandamus relief; "To the contrary, as we explained recently in dismissing a previous appeal brought by Balice, he presents 'the type of tax-protester arguments that ... have long been rejected as frivolous.'" *In re Balice,* C.A. No. 16-1242, 644 F. App'x 112, 113 (3d Cir. March 11, 2016) (quoting *Balice v. Comm'r,* C.A. No. 15-2366, 634 Fed.Appx. 349, 350, 2016 WL 456634, at *2 (3d Cir. Feb. 5, 2016)).

1

denying Mr. Balice's Motion to Strike. On August 30, 2017, by another Opinion and Order, I denied Mr. Balice's motion for reconsideration. (ECF no. 216)

Mr. Balice has now filed a "2nd Motion to Alter or Amend The *Order* of the Court." (ECF no. 219) Mr. Balice first characterizes his motion as one under Fed. R. Civ. P. 59(e), but later cites Local Rule 7.1(i). Either way, it is directed at the Court's Summary Judgment order. (ECF no. 211) The United States has submitted a brief in opposition (ECF no. 222). Mr. Balice has filed an "Objection" (ECF no. 226), which I treat as his reply.

I set aside the lack of any explicit authorization of a second reconsideration motion. I also note that the motion is surely untimely. (A Rule 7(i) motion must be brought within 14 days, and a Rule 59(e) motion within 28 days.) There is no need to rest on procedural grounds, however, because the motion lacks substantive merit.

My prior Opinion discussed the standards for reconsideration under Local Rule 7.1(i). In short, reconsideration is granted sparingly, generally only in one of three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). A Rule 59(e) motion similarly requires submission of arguments or evidence that were not available at the time of the original motion:

> "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." [citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir.2010)] (quotation marks omitted) (emphasis added). We have made clear that "'new evidence,' for reconsideration purposes, does not refer to evidence that a party ...

2

submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Id.* at 252. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

*Blystone v. Horn*, 664 F.3d 397, 415–16 (3d Cir. 2011)

For the second time, Mr. Balice has submitted a motion that meets none of those requirements. It contains nothing that was not, or could not have been, raised in opposition to the motion for summary judgment (or, I suppose, in the first motion for reconsideration). It also rehashes discovery disputes already disposed of. (*See, e.g.*, Opinion, ECF no. 210)

This Motion ("Mot.") rests on the following allegedly new grounds:

a) Mr. Balice states that "a newly acquired Exhibit . . . plainly shows a 'write off' of $76,586.46." That alleged write-off has already been the subject of considerable motion practice. And the allegedly "new" transcript he attaches was provided to him on May 2, 2016. *Compare* Mot. Ex. 1-A (ECF no. 219-1) pp. 2-3 with ECF no. 137-1 at pp. 5-6.

b) Mr. Balice appears to argue that an IRS document acknowledges a statute of limitations date that differs from or that calculated by the Court. See Mot. at ¶ 19. The evidence in question was available and provided to Balice over a year ago. Compare Motion Ex. 1-C (ECF no. 219-3) pp. 3-6 with Dkt. 137-1 p. 5-7. In any event, Mr. Balice points to no error in the Court's reasoning with respect to this issue of law.

c) Mr. Balice argues that IRS transcripts incorrectly show that his income was related to the Virgin Islands or constitutes foreign farm income. *See* Motion ¶ 21. This argument is supposedly based on "newly acquired Exhibit 3" *Id.* The underlying exhibit, however, is a letter dated May 1997. (ECF no. 219-11) At any rate, Balice appears to misread the letter, which *distinguishes* between the "transaction code TC 150 [which] indicates a

3

indicates a tax liability assessed when a tax return is filed," and "Virgin Islands (150) [which] relates to the tax liability assessed on a U.S. Self-Employment Tax Return—Virgin Islands." (ECF no. 219-11 p. 1) Balice seemingly equates the two. At any rate, Mr. Balice fails to explain how any of this would affect his tax liability.

    d) Mr. Balice raises other, miscellaneous arguments. *See, e.g.*, Mot. at ¶ 29, 34, 25. These are primarily based on the IMFOLT transcripts, which were provided to him on December 29, 2016. (ECF no. 184-1)

None of these grounds are new, and there are none that could not have been presented previously. There is no basis to reconsider, alter or amend the court's prior order.

### B. Second Motion to Take Judicial Notice of *Stanton v. Baltic Mining* (ECF no. 223)

*Stanton v. Baltic Mining Co.*, 240 U.S. 103 (1916), was a challenge to the constitutionality of the income tax, brought soon after the adoption of the Sixteenth Amendment. The taxpayer's arguments were rejected in that case. Mr. Balice finds within *Stanton* an implied principle that individuals are not subject to the income tax. I cannot find any such principle there.

Assuming that *Stanton* was not cited in earlier motions—and the title of the motion implies otherwise—there is no reason it could not have been cited. There is no basis for reconsideration under the principles stated in the preceding section.

### C. Motion to Dismiss for Lack of Territorial Jurisdiction (ECF no. 224)

Mr. Balice moves to dismiss the case because it falls outside the "territorial jurisdiction of the United States." (ECF no. 224) This motion, like the others, is essentially another, serial motion for reconsideration based on matters that were, or could have been, raised in prior motions. On that basis alone, it is properly denied.

At any rate, the analysis is fundamentally flawed. Mr. Balice cites cases

4

involving federal power over matters occurring acts on lands or properties purchased and owned by the United States, such as military bases. *See, e.g.,* U.S. Const., art. I, § 8; 18 U.S.C. § 7. That, however, is not the basis of the government's power to collect the income tax. *See* U.S. Const. art. 1, § 8; *id.* amend. XVI. Mr. Balice also cites cases involving extraterritorial application of U.S. law, *i.e.,* the extension of U.S. law to acts taken in foreign nations. All of the relevant activities in this case took place on American soil.

The motion is denied.

### D. Objection and Motion to Strike (ECF no. 225)

Mr. Balice objects to the introduction by the United States of additional evidence and testimony after the entry of summary judgment. (ECF no. 225) This motion does not specify the matters referred to. It may refer to the citation of discovery materials already supplied to Mr. Balice in response to his contention that summary judgment should be vacated because he had not received such materials. (*See* Section A, *supra.*) If so, then the citation was clearly proper and necessary in response to Mr. Balice's motion.

This motion and objection is therefore denied.

## ORDER

Accordingly, IT IS this 16th day of October, 2017

ORDERED that the defendant's motions (ECF nos. 219, 223, 224, 225) are DENIED. The Court is simultaneously entering an order granting the application of the United States (ECF no. 217) for an order of sale.

Kevin McNulty
United States District Judge