UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL BALICE et al.,<br><br>Defendants. | Civ. No. 14-cv-3937-KM-JBC<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

Mr. Balice has filed dozens of motions under various titles. The court has, in several prior opinions, considered Mr. Balice's arguments and rejected them. (ECF Nos. 71, 102, 152, 167, 208, 210, 216). I have also required that he seek leave of the Magistrate Judge before filing further motions. (*See, e.g.*, ECF Nos. 102, 152). Nevertheless, Mr. Balice has submitted several more motions. (ECF Nos. 229, 230, 233, 234, 236, 239).[1] They might be rejected on the ground that they were filed without leave. In the interest of efficiency, however, I briefly consider them.

### I. MOTION TO ALTER OR AMEND ORDER OF SALE (ECF No. 229)

Mr. Balice requests reconsideration of the earlier order granting summary judgment in favor of the United States. (ECF No. 229). Reconsideration is denied for two reasons: **(A)** the motion is untimely and **(B)** it raises no new arguments.

---

[1] Some of which were held in abeyance during the pendency of a stay in bankruptcy, but the stay has been lifted. I ordered the motions reinstated and set a schedule for responding and reply briefs. (ECF no. 243)

1

**(A)** First, Mr. Balice's motion for reconsideration is untimely. Local Civil Rule 7.1(i) provides that a motion for reconsideration must be served and filed within fourteen days after the entry of the order. The order granting summary judgment for defendant was issued on August 9, 2017. (ECF No. 211). Mr. Balice did not file his motion for reconsideration until October 25, 2017—well past the fourteen-day deadline. (ECF No. 229). Mr. Balice's motion would be untimely even under Federal Rule of Civil Procedure 59(e), which states that "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of judgment."

**(B)** Second, Mr. Balice's motion does not raise arguments appropriate for a motion for reconsideration. Reconsideration is proper in three situations: (1) an intervening change in the law; (2) new, previously unavailable, evidence has become available; or (3) to correct a clear error of law or prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Mr. Balice claims that letters sent to him by the IRS "directly contradict this court's *summary judgment* decisions." (ECF No. 229 at ¶ 2). Mr. Balice does not specifically identify what is wrong with the IRS's accounting; he objects that the balance has changed. Each letter clearly sets forth the "account balance before this change," which is consistent with prior records. (*See* ECF Nos. 219-6, 219-7). The IRS updated Mr. Balice's account balance because of ongoing, statutorily determined interest and penalties. This is not new evidence, a new argument, or an intervening change in law that could provide a basis for reconsideration. Therefore, Mr. Balice's request for reconsideration is denied.

## II. MOTION TO STAY ENFORCEMENT OF THE ORDER OF THE COURT PENDING RESOLUTION OF APPEALS (ECF Nos. 230, 239)

Mr. Balice's circumstances do not warrant a stay pending appeal. Courts in the Third Circuit consider the following factors when considering such a stay: **(A)** whether the stay applicant has made "a strong showing that they are likely to succeed on the merits"; **(B)** whether the applicants will be irreparably

injured absent a stay; **(C)** whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and **(D)** where the public interest lies. *Thorner v. Sony Comput. Entm't Am. LLC*, No. 9-cv-1894, 2013 WL 1868500, at *1 (D.N.J. May 3, 2013). Because granting a stay is "an exercise of judicial discretion", not a matter of right, a stay applicant "bears the burden of showing the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

**(A)** First, Mr. Balice has not made a "strong showing" that is he likely to succeed on appeal. Mr. Balice's primary basis for appeal is that the Sixteenth Amendment does not authorize enforcement of a direct tax without apportionment. Mr. Balice previously made this argument to the Third Circuit on an interlocutory basis. *See Balice v. Comm'r*, 634 F. App'x 349, 349-50 (3d Cir. 2016). The Third Circuit held that "the type of tax-protestor arguments that Balice raised have long been rejected as frivolous." *Id.* at 350 & n.1. Mr. Balice cannot make a "strong showing" of likely success.

**(B)** Second, Mr. Balice has not demonstrated irreparable harm. The IRS may seize Mr. Balice's property. However, if a court later ruled that he was not liable for some or all of the payment, the damage could be undone by an order requiring repayment with appropriate interest. *See In re Carlson*, 224 F.3d 716, 718 (7th Cir. 2000); *Sherman v. Nash*, No. 1551-71, 1977 WL 1143, at *2-3 (D.N.J. Apr. 14, 1977). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sherman*, 1977 WL 1143, at *3 (citation omitted). Additionally, allegations of economic hardship alone are usually insufficient to establish irreparable harm. *See Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1489 (9th Cir. 1990); *see also Bob Jones Univ. v. Simon*, 416 U.S. 725, 745-46 (1974).

Mr. Balice also seeks a stay to avoid harms that would result from his own actions. For instance, Mr. Balice argues that he "will be subject to indefinite arrest and incarceration for contempt for refusing to vacate the

3

premises [of his property] while appeals are pending." (ECF No. 239 ¶ 33). This harm would result from Mr. Balice refusing to obey a court order—not from the denial of a stay.

**(C) and (D)** Third,[2] a stay would injure the public interest. A taxpayer cannot delay the collection of taxes indefinitely by filing frivolous motions and actions. The Government must "assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference." *Bob Jones Univ.*, 416 U.S. at 736. Mr. Balice has delayed resolution of this case numerous times. The public's interest in prompt enforcement of the tax laws weighs heavily against granting a stay.

In sum, none of the factors weigh in favor of granting a stay. Mr. Balice's requests for a stay pending appeal are thus denied.

### III. MOTION TO VOID JUDGMENT FOR LACK OF SUBJECT-MATTER JURISDICTION (ECF Nos. 233, 234)

Mr. Balice argues that this court lacks subject-matter jurisdiction to adjudicate this matter. He argues that the new tax laws, effective January 1, 2018, re-enact **"the same scheme of *income* taxation"** that he has already many times argued is unconstitutional. (ECF No. 233, ¶ 6). He claims this is new evidence that allows him to relitigate this issue.

Mr. Balice has repeatedly filed motions to dismiss for lack of jurisdiction and constitutional authority. (*See, e.g.*, ECF Nos. 7, 8, 26, 27, 36, 47, 49). He relies on the same sequence of arguments: The Constitution does not give Congress the power to collect income taxes. Thus, Congress cannot pass laws authorizing the collection of taxes. This court therefore lacks all jurisdiction to hear income-tax cases. Mr. Balice's argument remains unavailing.

As I have written previously, it is well settled that Congress has the power to levy an income tax:

---

[2]  When the Government is a party to the proceeding, the third and fourth factors for granting a stay merge. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

The Sixteenth Amendment to the U.S. Constitution provides that "[t]he Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI. Balice points out that the Amendment does not contain an "enforcement provision." (Dkt. No. 15, ¶ 20; Dkt. No. 26, ¶ 13). Therefore, he says, Congress has no authority to pass legislation concerning the collection of taxes, and this Court can have no jurisdiction. (Dkt. No. 36, ¶ 11)

True, the Sixteenth Amendment lacks a separate "enforcement provision." That is, it does not contain a statement that "Congress shall have power to enforce this article by appropriate legislation," like the ones found in, for instance, the Thirteenth, Fourteenth, Fifteenth, Eighteenth, and Nineteenth Amendments. But those Amendments contain an enforcement provision for a particular reason: their substantive provisions do not themselves confer power upon Congress, but on the citizenry. For instance, the Fifteenth Amendment provides that "[t]he right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. Amd. XV. If the drafters of the Fifteenth Amendment had simply left it at that, it could be argued that they had failed to grant Congress the authority to pass laws concerning discrimination in voting. Thus, the Amendment explicitly grants Congress the power to enforce the rights it granted to the citizens.

In the Sixteenth Amendment, though, no such clause was necessary. The substantive language of the Sixteenth Amendment itself confers power on Congress: "The Congress shall have the power to lay and collect taxes on incomes ..." Once vested with this power, under the Necessary and Proper clause Congress could pass legislation to implement that power. See U.S. Const. art. I, § 8 ("Congress shall have Power ... To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other power vested by this Constitution in the Government of the United States, or in any Department or Officer thereof."). Thus, no separate enforcement clause is necessary.

Under Balice's reading, the Sixteenth Amendment, although it provides that "Congress shall have power" to lay and collect

5

taxes, would remain a dead letter. It is difficult to imagine how Congress might exercise that "power" unless through legislation. Balice's interpretation is illogical, and I reject it.

*United States v. Balice*, No. 14-cv-3937, 2015 WL 4251146, at *10-11 (D.N.J. July 10, 2015). This court has jurisdiction over the present action pursuant to 28 U.S.C. §§ 1340 and 1345, in conjunction with 26 U.S.C. §§ 7402(a) and 7403. *See United States v. Jones*, 877 F. Supp. 907, 912 (D.N.J.), *aff'd*, 74 F.3d 1228 (3d Cir. 1995).

For those reasons, Mr. Balice's motions for dismiss for lack of subject-matter jurisdiction are denied.

## IV.    MOTION TO RECUSE (ECF No. 236)

Mr. Balice has filed a motion seeking my recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455. He argues that I have repeatedly demonstrated

> an improper **prejudicial favoritism** for the Plaintiff United States in its rulings and *Orders* issued in this action which have been used by the court to improperly *engineer* judgment for the Plaintiff United States by *inventing* an ungranted *subject-matter jurisdiction* of the court that has been unlawfully taken and fraudulently used by this court to enforce a *direct unapportioned* assessment of tax improperly claimed as owed *directly* ....

(ECF No. 236, pp. ¶ 1). Mr. Balice also accuses the court of

> ignoring the facts on the record of the action; for ignoring the law as actually written; for ignoring the arguments of the litigating parties **as** they have **actually been argued** in the pleadings on the record; for locking the Defendant out of the courtroom; and for denying all formal motions and informal requests for hearings before the court made by Defendant ....

(ECF No. 236, ¶ 2).

One of the cited statutes, 28 U.S.C. § 455(a), provides that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under Section 455(a), it is not the case that a judge should recuse himself where, in his opinion, sitting would be inappropriate. The correct inquiry is whether the

6

judge's impartiality has been reasonably questioned. *Karas v. Robbins*, No. 8-cv-5264, 2009 WL 5174654, at *1 (D.N.J. Dec. 17, 2009).

The other cited recusal statute, 28 U.S.C. § 144, provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." If the motion is made pursuant to Section 144, another judge must rule on the recusal motion so long as the supporting affidavit meets the "sufficiency test." *Karas*, 2009 WL 5174654, at *1 (citing *In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003)). This Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). The Third Circuit has also held that the allegations in such an affidavit must convince a reasonable person of the Judge's impartiality. *NLRB v. New Vista Nursing & Rehab.*, 870 F.3d 113, 125 (3d Cir. 2017).

Recusal is not appropriate in these circumstances under either 28 U.S.C. § 455 or 28 U.S.C. § 144. Mr. Balice has not reasonably questioned my impartiality. *Cf. Karas*, 2009 WL 5174654, at *2. A reasonable person would not be convinced of the court's impartiality after reading Mr. Balice's papers. Mr. Balice's motion is conclusory and devoid of factual allegations that would render recusal appropriate.

Mr. Balice repeatedly argues that I have been prejudicially biased toward finding that the United States government has the authority to tax his income. The Third Circuit has held, *inter alia*, that Mr. Balice presents "the type of tax-protester arguments that ... have long been rejected as frivolous." *In re Balice*, No. 16-cv-1242, 644 F. App'x 112, 113 (3d Cir. Mar. 11, 2016) (quoting *Balice v. Comm'r*, No. 15-cv-2366, 634 F. App'x 349, 350 (3d Cir. 2016)). I have declined to accept Mr. Balice's legal arguments because long-standing

precedent has found them unavailing. This is not bias; it is the application of precedent.

Removal under 28 U.S.C. § 144 is also not appropriate. That section requires an affidavit of fact that must convince a reasonable person of the Judge's impartiality. *NLRB*, 870 F.3d at 125. Mr. Balice's affidavit simply concludes that I have acted in a prejudicial manner. It does not include assertions of fact in support of these conclusions. A conclusory affidavit is not sufficient for recusal. *Smith v. Vidonish*, 210 F. App'x 152, 155-56 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited).

> A party may not make such unwarranted assumptions based on the fact that the party was unsuccessful. Were this not the case, any unsuccessful litigant would be able to disqualify the Judge who rendered the unfavorable ruling. In short, a party's disagreement with a Court's ruling is not a basis for recusal.

*Karas*, 2009 WL 5174654, at *2 (citing *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999)). Mr. Balice has presented mere conclusions that he has been unsuccessful in asserting tax-protestor arguments and that therefore I have been biased against him. Such conclusory allegations are not a proper basis for recusal.

## V.   CONCLUSION

For the foregoing reasons, Mr. Balice's motions are denied. An appropriate order accompanies this opinion.

Dated: May 23, 2018

*[signature]*

**KEVIN MCNULTY**
**United States District Judge**

8