**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>v.<br>**MICHAEL BALICE,**<br>**Defendant.** | Civ. No. 14-3937 (KM)(JBC)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court on the motion of the United States under 26 U.S.C. §§ 7402(a) and 7403(c)

(a) to confirm the sale of the real property located at 70 Maple Ave., Metuchen, New Jersey (the "Property"), pursuant to a prior order of the Court (DE 228), and

(b) to order distribution of the sale proceeds, which are in the custody of the clerk of the court.

(DE 264)

At the time the motion was filed, the defendant's appeal to the U.S. Court of Appeals for the Third Circuit was pending. That appeal was denied, this Court's orders and judgment were affirmed, and the Court of Appeals filed its mandate on November 13, 2018. I therefore am directing the clerk to reopen the file solely for the purpose of disposing of this motion.

On October 16, 2017, after granting the government's motion for summary judgment, the Court entered an order authorizing the U.S. Marshal to evict Mr. Balice from the Property and sell it at public auction. (DE 228)

The auction was scheduled for August 23, 2018. The IRS advertised the sale for four consecutive weeks in the *Star Ledger*. (Decl. of T. Smith ("Smith Decl.") ¶ 2, DE 264-2) Advertisements also appeared daily in the *New York*

1

*Times* from July 26, 2018, until the date of sale, in the online classified ads on 222.centraljersey.com, and on the IRS website. (Second Decl. of T. Smith ("Smith Decl. II") ¶ 5, DE 267-2) All of these advertisements carried the correct date of the sale. A physical sign on the property initially had the erroneous date of August 24, 2018, but this was corrected shortly before the sale. (*Id.* ¶ 4)

The auction of the property took place on August 23, 2018. (Smith Decl. ¶ 3) Eight bidders attended, and a ninth submitted a bid by mail. The winning bid, in the amount of $420,000, was placed by AVS Properties, LLC. (Smith Decl. ¶ 2)

AVS Properties' initial deposit of $30,000 and its payment of the $390,000 balance were deposited with the clerk of the court. (DE 261; DE 264-2 at p. 10; Smith Decl. ¶¶ 5, 6) In its submissions, the IRS documents costs of $2388.65. (Smith Decl. ¶ 7)

The IRS has submitted a payoff letter establishing that the balance of the first mortgage on the Property, held by Investors Bank, as of November 5, 2018, is $29,122.40. Interest continues to accrue at a rate of $1.64 *per diem*. (Smith Decl. ¶ 8; DE 264-3)

The IRS has submitted a payoff letter establishing that the balance of the home equity line of credit secured by the Property, held by Amboy Bank, as of November 5, 2018, is $24,094.27. Interest continues to accrue at a rate of $4.50 *per diem*. (Smith Decl. ¶ 9; DE 264-4)

The IRS also submits a declaration of Revenue Agent McGillivray updating the full amount of tax, penalties, and interest owing as of September 21, 2018, totaling $386,563.41. (DE 264-5)

In response, Mr. Balice has filed an objection (DE 266) containing several arguments, none of them effectual.

The first argument is that the sale violated the procedures of 28 U.S.C. §§ 3201, 3202, and 3203. Those statutes apply to judgment liens. This, by contrast, is an action for foreclosure based on federal tax liens, conducted pursuant to Title 26 and the procedures of 28 U.S.C. §§ 2001 and 2002.

2

The second argument is that this court lacks jurisdiction under U.S. Const. art. I, sec. 8, cl. 17. That clause, contained in a laundry list of powers of the legislative branch, is not exclusive, but is stated in addition to the taxing power of clause 1, the interstate commerce power of clause 3, the broad "necessary and proper" power of clause 18, and so forth. Clause 17 (not actually numbered as such) concerns the territorial jurisdiction of the United States, which generally encompasses the creation of the District of Columbia as the nation's capital and certain federal enclaves owned by the federal government, such as military installations. To defendant's way of thinking, those are the only areas in which the federal government can exercise power, all other jurisdiction being reserved to the states which must give their consent. That discussion transitions to the defendant's oft-expressed theory, based on pre-Sixteenth Amendment case law, that that the United States lacks the power to lay and collect the income tax.[1] In this specific context, the defendant is arguing that the United States cannot exercise jurisdiction over 70 Maple Avenue unless it obtains that property with the consent of the State and incorporates it into the federal territorial jurisdiction. Not so. The federal government has the statutory power, under the taxing authority of U.S. Const. art. I, sec. 8 and the Sixteenth Amendment, to seize private property for the satisfaction of an adjudicated tax liability. That has been established by prior orders in the case, and I will not reopen it in connection with a challenge to distribution of the proceeds.

## CONCLUSION

For the foregoing reasons, I will enter the proposed order submitted by the United States.

Kevin McNulty
United States District Judge

---

[1] I have dealt with related tax-protestor arguments in numerous prior opinions, and the Third Circuit has rejected them on appeal. (See, e.g., DE 247)

3